# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| GARY RANDALL, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>KILOLO KIJAKAZI, Acting )<br>Commissioner of Social Security, )<br>)<br>Defendant. ) | Case No. CIV-21-752-AMG |

## MEMORANDUM OPINION AND ORDER

Gary Randall ("Plaintiff") brings this action pursuant to 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying his application for disability insurance benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. §§ 401-34, and supplemental security income ("SSI") under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-83f. (Doc. 1). The Commissioner has answered the Complaint and filed the Administrative Record ("AR") (Docs. 8, 10), and the parties have fully briefed the issues (Docs. 18, 20).[1] The parties have consented to proceed before the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(c)(1). (Docs. 11, 13). Based on the Court's review of the record and issues presented, the Court **AFFIRMS** the Commissioner's decision.

---

[1] Citations to the parties' briefs refer to the Court's CM/ECF pagination. Citations to the Administrative Record refer to its original pagination.

I.      **The Disability Standard and Standard of Review**

The Social Security Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). A physical or mental impairment is an impairment "that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3). A medically determinable impairment must be established by "objective medical evidence" from an "acceptable medical source," such as a licensed physician or a licensed and certified psychologist; whereas the claimant's own "statement of symptoms, a diagnosis, or a medical opinion" is not sufficient to establish the existence of an impairment. 20 C.F.R. §§ 404.1521, 416.921; see 20 C.F.R. §§ 404.1502(a), 404.1513(a), 416.902(a), 416.913(a). A plaintiff is disabled under the Social Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d)(2)(A).

Social Security regulations implement a five-step sequential process to evaluate a disability claim. 20 C.F.R. §§ 404.1520, 416.920; *Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988) (explaining five steps and burden-shifting process). To determine whether a claimant is disabled, the Commissioner inquires: (1) whether the claimant is

engaged in any substantial gainful activity; (2) whether the claimant suffers from a severe impairment or combination of impairments; (3) whether the impairment meets an impairment listed in Appendix 1 of the relevant regulation; (4) considering the Commissioner's assessment of the claimant's residual functional capacity ("RFC"),[2] whether the impairment prevents the claimant from continuing claimant's past relevant work; and (5) considering assessment of the RFC and other factors, whether the claimant can perform other types of work existing in significant numbers in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(i)-(v), 416.920(a)(4)(i)-(v).  Plaintiff bears the "burden of establishing a prima facie case of disability under steps one, two, and four" of the SSA's five-step procedure.  *Fischer-Ross v. Barnhart*, 431 F.3d 729, 731 (10th Cir. 2005).  If the plaintiff makes this prima facie showing, "the burden shifts to the Commissioner to show the claimant has the [RFC] to perform other work in the national economy in view of [claimant's] age, education, and work experience."  *Id*.  "The claimant is entitled to disability benefits only if [Claimant] is not able to perform other work." *Bowen v. Yuckert*, 482 U.S. 137, 142 (1987).

This Court's review of the Commissioner's final decision is limited "to determin[ing] whether the Commissioner applied the correct legal standards and whether the agency's factual findings are supported by substantial evidence."  *Noreja v. Commissioner, SSA*, 952 F.3d. 1172, 1177 (10th Cir. 2020) (citation omitted).  Substantial evidence is "more than a scintilla, but less than a preponderance."  *Lax v. Astrue*, 489 F.3d

---

[2] RFC is "the most [a claimant] can still do despite [a claimant's] limitations." 20 C.F.R. §§ 404.1545(a), 416.945(a)(1).

1080, 1084 (10th Cir. 2007). "It means – and means only – such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S.Ct. 1148, 1154 (2019) (internal quotation marks and citation omitted). A court's review is based on the administrative record, and a court must "meticulously examine the record as a whole, including anything that may undercut or detract from the ALJ's findings in order to determine if the substantiality test has been met." *Grogan v. Barnhart*, 399 F.3d 1257, 1261 (10th Cir. 2005). While the court considers whether the ALJ followed the applicable rules of law in weighing particular types of evidence in disability cases, the court will "neither reweigh the evidence nor substitute [its] judgment for that of the agency." *Vigil v. Colvin*, 805 F.3d 1199, 1201 (10th Cir. 2015) (internal quotation marks omitted). Even if a court might have reached a different conclusion, the Commissioner's decision stands if it is supported by substantial evidence. *See White v. Barnhart*, 287 F.3d 903, 908 (10th Cir. 2002).

**II.    Procedural History**

Plaintiff filed applications for DIB and SSI on May 31, 2017, alleging a disability onset date of July 20, 2015. (AR, at 15, 250-258). The SSA denied the applications initially and on reconsideration. (*Id*. at 142-50, 153-66). Then an administrative hearing was held on March 16, 2018. (*Id*. at 34-87). Afterwards, the Administrative Law Judge ("ALJ") issued a decision finding that Plaintiff was not disabled. (*Id*. at 12-33). The Appeals Council subsequently denied Plaintiff's request for review. (*Id*. at 1-6). Thus, the ALJ's decision became the final decision of the Commissioner. *See Wall v. Astrue*, 561 F.3d 1048, 1051 (10th Cir. 2009); 20 C.F.R. § 404.981.

Plaintiff then filed a complaint with the U.S. District Court for the Western District of Oklahoma, and United States Magistrate Judge Shon T. Erwin reversed and remanded the matter to the Commissioner for further administrative proceedings. (AR, at 992-1002).

Another administrative hearing was held, and the ALJ issued a second opinion on April 15, 2021 – again finding Plaintiff was not disabled. (*Id*. at 939-83; 906-38). The ALJ's decision became final after Plaintiff did not file exceptions, and the Appeals Council did not assume jurisdiction. 20 C.F.R § 404.984(d).

### III. The Administrative Decision

At Step One, the ALJ found that Plaintiff had not engaged in substantial gainful activity since July 20, 2015, the alleged onset date. (AR, at 912). At Step Two, the ALJ found that Plaintiff had the following severe impairments: "epilepsy, degenerative disc disease, obesity, and obstructive sleep apnea." (*Id*.) At Step Three, the ALJ found that Plaintiff had no impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments. (*Id*. at 915). The ALJ then determined that Plaintiff had the RFC to

> perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except he never can[]climb ladders, ropes or scaffolds but occasionally can climb stairs, balance, stoop, kneel, crouch and crawl. He must avoid all exposure to unprotected heights and dangerous machinery.

(*Id*. at 918). Then, at Step Four, the ALJ concluded that Plaintiff was unable to perform any of his past relevant work. (*Id*. at 929). At Step Five, however, the ALJ found when "[c]onsidering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the

claimant can perform" such as a collator operator, silver wrapper, and routing clerk. (*Id.* at 930). Thus, the ALJ found that Plaintiff had not been under a disability since July 20, 2015. (*Id.* at 931).

### IV.     Claims Presented for Judicial Review

Plaintiff presents only one issue – his allegation that on remand the ALJ "erred in her persuasiveness analysis of Dr. Amusa's opinion that [Plaintiff] is limited to only occasional overhead reaching." (Doc. 18, at 3).

### V.      The ALJ Adequately Considered the Persuasiveness of Dr. Amusa's Medical Opinion.

Plaintiff contends that the ALJ erred in the persuasiveness analysis of the medical opinion provided by impartial medical expert Dr. Kweli Amusa, M.D. (Doc. 18, at 5-14). In particular, he argues that it was error for the ALJ to find the medical opinions of Dr. Cox and Dr. Zubair more persuasive than Dr. Amusa's opinion because "Dr. Amusa's opinion that [Plaintiff] is limited to only occasional overhead reaching is far better supported than either Dr. Cox's or Dr. Zubair's opinions" that he is not limited in his overhead reaching. (*Id.* at 12).

Under the applicable regulations,[3] the ALJ does "not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s)[,] . . . including those from [the claimant's] medical sources." 20 C.F.R. § 404.1520c(a). Rather, the ALJ

---

[3] The regulations governing the agency's evaluation of medical evidence were revised effective March 27, 2017. *See Revisions to Rules Regarding the Evaluation of Medical Evidence*, 82 Fed. Reg. 5844 (Jan. 18, 2017), *as amended in* 82 Fed. Reg. 15132 (Mar. 27, 2017).

considers the persuasiveness of the opinions using five factors: supportability; consistency; relationship with the claimant; specialization; and other factors, such as "a medical source's familiarity with the other evidence in a claim." *Id*. § 404.1520c(c).  Supportability and consistency are the most important factors. *Id*. § 404.1520c(a). "Supportability" examines how closely connected a medical opinion is to the medical source's objective medical evidence and supporting explanations: "The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s)[,] . . . the more persuasive the medical opinions . . . will be." *Id*. § 404.1520c(c)(1). "Consistency," on the other hand, compares a medical opinion to the other evidence: "The more consistent a medical opinion(s) . . . is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) . . . will be." *Id*. § 404.1520c(c)(2). The ALJ must articulate how persuasive he finds a medical opinion. *Id*. § 404.1520c(b). In doing so, the ALJ is required to "explain how [he] considered the supportability and consistency factors for a medical source's medical opinions." *Id*. § 404.1520c(b)(2).[4]

At Plaintiff's first administrative hearing on March 16, 2018, Dr. Amusa testified that Plaintiff would be limited to only occasional overhead reaching. (AR, at 54). She relied in part on her review of CT imaging of Plaintiff's cervical spine performed in June 2017. (*Id*. at 51; 812-17).

---

[4] An ALJ must consider, but need not explicitly discuss, the remaining factors (relationship with the claimant, specialization, and other factors) unless there are differing medical opinions on an issue and those opinions are equally well-supported and consistent with the record. *See* 20 C.F.R. § 404.1520c(b)(2), (3).

7

Dr. Zubair rendered an RFC opinion on May 16, 2018, in which he indicated various limitations, but no limitations on overhead reaching. (*Id*. at 884-91). Dr. Zubair did not specifically reference the CT imaging from June 2017. (*See id*.)

At Plaintiff's second administrative hearing on February 2, 2021, Dr. Cox testified as to Plaintiff's limitations, agreeing with the limitations previously provided in Dr. Zubair's opinion, aside from an opinion regarding work absenteeism, which is not challenged here. (*Id*. at 951-52). Dr. Cox also discussed the CT imaging of Plaintiff's cervical spine performed in June 2017. (*Id*. at 951).

As to the medical opinions of Dr. Cox and Dr. Amusa, the ALJ found:

> The Administrative Law Judge finds the testimony and opinion of Dr. Cox to be both consistent with the medical evidence of record and persuasive because it is supported by the entire record, including the evidence received at hearing level . . . . Dr. Cox's detailed testimony as well as her responses to questioning clearly show she reviewed the evidence carefully and her testimony is thorough, detailed and thoughtful.
>
> The Administrative Law Judge finds Dr. Amusa's testimony and opinion to be largely consistent with the record and generally persuasive, but has declined to include her specific opinions that he would be limited to stand/walk 4 (rather than 6) hours per day, could push or pull with the upper extremities on only a frequent basis bilaterally, or reach overhead on an occasional basis bilaterally. In so doing, the Administrative Law Judge notes that Dr. Cox's opinion is more recent in time and more persuasive given her ability to review all of the record available as of the most recent hearing. Further, such restrictions are simply not supported by any objective findings in the record, and likewise were not outlined by Dr. Zubair in his assessment.

(AR, at 928-29). The ALJ additionally "note[s] that the opinion of the claimant's treating provider, Salman Zubair, M.D. is at least partially consistent with the testimony and opinions of Dr. Amusa and Dr. Cox[.]" (*Id*. at 929).

8

The decision reflects that the ALJ considered Dr. Amusa's testimony and medical opinion. The ALJ articulated that she found the testimony and opinion to be "generally persuasive," but as it pertained to the limitation of occasional reaching overhead, less persuasive than the medical opinions of Dr. Cox and Dr. Zubair, which did not include such a limitation. In particular, the ALJ found that Dr. Amusa's opinion was lacking in supportability compared to Dr. Cox's opinion because Dr. Amusa did not have the benefit of the more recent and complete evidence of record available to Dr. Cox. The ALJ also found that Dr. Amusa's overhead reaching limitation was "simply not supported by any objective findings in the record." (AR, at 929). The ALJ also discussed the factor of consistency, observing that Dr. Cox's opinion that Plaintiff had no limitation on overhead reaching was "consistent with the medical evidence of record" and consistent with the opinion of Dr. Zubair, and thus Dr. Amusa's opinion was inconsistent. (*Id*. at 928-29). The ALJ therefore met the requirements of the regulations in evaluating Dr. Amusa's medical opinion. Plaintiff's contention that the ALJ should not have relied on Dr. Zubair's or Dr. Cox's opinions because they do not reference or analyze the June 2017 CT cervical spine scan as thoroughly as Dr. Amusa's opinion is nothing more than a request to reweigh the evidence, and this Court must decline that request. *Allman v. Colvin*, 813 F.3d 1326, 1333 (10th Cir. 2016) ("Concluding otherwise would require us to reweigh the evidence, a task we may not perform."). "The ALJ was entitled to resolve [] evidentiary conflicts and did so." *Id*.

## VI. Conclusion

Having reviewed the medical evidence of record, the transcript of the administrative hearing, the decision of the ALJ, and the pleadings and briefs of the parties, the undersigned **AFFIRMS** the decision of the Commissioner for the reasons discussed above.

**SO ORDERED** this 6th day of December, 2022.

AMANDA MAXFIELD GREEN
UNITED STATES MAGISTRATE JUDGE